THE MASTER AND WARDENS OF THE PORT OF NEW ORLEANS *v.* SHIP CHARLES MORGAN et als.

The provision of the Act of 1855, organizing a board of Port Wardens for the port of New Orleans, which allows such Port Wardens to demand from each vessel arriving from sea the sum of five dollars, *whether they be called upon to perform any services or not,* is not a charge imposed as a duty, without regard to a corresponding and equivalent benefit, and is not, therefore, unconstitutional.

APPEAL from the Third Justice's Court of New Orleans.

*M. Hahn,* for plaintiffs.   *H. J. Leovy,* for defendants and appellants.

MERRICK, C. J.   Another case entitled *The Board of Harbor Masters* v. *The Ship Charles Morgan et al.,* No. 5967, was submitted with these eighteen suits in which the Master and Wardens of the Port of New Orleans are plaintiffs, and upon the same argument and briefs.

As the case of the Harbor Masters presents a question differing somewhat from the eighteen above mentioned cases, we shall consider it by itself on another occasion, and proceed now to decide the said cases, numbered on this docket from 5800 to 5817 inclusive.

The cases now under consideration present substantially the same questions which were recently decided by us in the case of the same plaintiffs against the ship Martha J. Ward. Defendants' counsel, however, supposes, contrary to the fact, that he presents to us a question not decided in that case when he calls our attention to the fifth ground of nullity set forth in the answer, as follows, viz :

" The said Act of 1855, No. 343, is null and of no effect, because the 6th section provides that the Master and Wardens shall be entitled to demand from each vessel arriving in the port of New Orleans from sea, the sum of five dollars, *whether they be called upon to perform any services or not,*" and these defendants allege that their vessels arrive at this port several times a week, and that in no manner whatever do the Master and Wardens, or either of them, render any services for these defendants, or for their steamers' officers or crews.

On this point. defendants contend that, " whenever a charge is imposed upon a vessel by the sovereign authority, without any regard to a corresponding and equivalent benefit and advantage, the charge is a duty and is imposed unconstitutionally."

PORT WARDENS
v.
SHIP C. MORGAN.

Without undertaking to controvert this proposition of defendants' counsel, which he has sustained by a very elaborate argument and numerous quotations of authorities, we think we may affirm of the statute relative to the Master and Wardens of the port of New Orleans, that as a whole, it is not obnoxious to the charge made against it. It is true that the sixth section of the Act grants to the Port Wardens a right to demand the sum of five dollars from each vessel arriving in the port of New Orleans from sea, " whether they be called upon to perform any services or not." But the meaning of the phrase is, whether they be called upon by the officers or persons in charge of the ship to perform any special service, or not. For it is evident, that it is the interest of the shipping that there should be disinterested persons in the port easily found and clothed with authority to perform such duties as are imposed upon the Port Wardens: for, as every ship entering from the gulf has been subject to the damages and casualties of the sea, so it is the interest of such ship that there should be some person clothed with official authority to inspect the hatches, hold surveys of ship or damaged goods, to pronounce upon the sea-worthiness of the vessel, to order and make sales of damaged goods, and to make an official record of all such proceedings for the protection of the owners and all concerned in ship and cargo. The Act in question provides for these necessities of commerce, and it compels the Port Wardens to keep an office where they may be found, and to keep a record of their proceedings. The Legislature has deemed it the best and most equitable mode to keep up this office, and maintain these officers during all seasons of the year and the prevalence of the frequent epidemic diseases to which the city is subject, to levy a contribution upon all ships arriving from sea, and for the benefit and the necessities of which the expense is required to be incurred.

The maintenance of these officers (who also regulate the conduct of the pilots) is a benefit to the entire shipping interest, and each ship receives an equivalent in the convenience of obtaining the services and immediate presence of these officers, although they may not have been called upon to perform any special duty for the particular ship in question.

The Acts of the Legislature relative to the Port Wardens do not, therefore, on a review of the question, appear to us to be unconstitutional on this ground.

The other questions in this case have been decided in the case of these plaintiffs against the ship Martha J. Ward, and we are satisfied with that decision.

Judgment affirmed.

COLE, J., absent, concurred in this opinion.